### NEW YORK, S. & W. R. CO. v. RONEY.

(Circuit Court of Appeals, Third Circuit. May 24, 1905.)

#### No. 18.

SHIPPING—INJURY OF SCHOONER BY FLOATING ICE—NEGLIGENT ANCHORING BY DOCK OWNER.

A decree affirmed holding a dock owner solely in fault and liable for removing libelant's schooner from the dock after loading, and anchoring her in the river, where there was floating ice by which she was injured.

Appeal from the District Court of the United States for the District of New Jersey.

For opinion below, see 132 Fed. 321.

Gilbert Collins, for appellant.

N. Dubois Miller, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge.   This is an appeal from a decree in admiralty, by which it was adjudged that the libelant (appellee here) recover the damages by him sustained by reason of the matters alleged in the libel, and that the respondent (appellant here) be condemned therefor, with costs.   The libel alleged that the libelant was the sole owner of the schooner Harry Landell, and that the respondent, after loading her with coal, and against the objections and under the protests of her mate, moved the said schooner "out into the stream, and placed her in the midst of the running and solid ice which was there, and liable to move there on the shifting of the wind or tide"; and that shortly after she had been so placed in the stream "the solid and floating ice caused serious injuries to the hull of said vessel, by reason of which she took in water, and subsequently filled and sank."   The answer denied these allegations, and the learned judge correctly conceived that the questions presented for his determination were (1) whether, by a fair preponderance of the evidence, the libelant had shown negligence on the part of this appellant, or for which it was responsible, which was the proximate cause of the damage; and (2) whether, if such negligence had been shown, there had been negligence also on the part of the libelant himself, by reason whereof the damages sustained by him should be apportioned.   Both these questions he resolved in favor of the appellee, and we think he was right in doing so.   We have examined the case de novo, and upon independent consideration of the proofs have reached the conclusions at which he arrived. No useful purpose would be subserved, however, by again reviewing the testimony.

Suffice it to say that in our opinion none of the errors assigned has been established, and therefore the decree of the District Court is affirmed.